IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ROBERT L. PARMENTER,
ADC #658817                                                                        PLAINTIFF

v.                                        4:21CV00048-SSW-JTK

DEXTER PAYNE, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Susan Webber Wright.    Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.    If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.    An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.    The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such

a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any

Documentary or other non-testimonial evidence desired to be introduced at the hearing

before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    Introduction

Plaintiff is state inmate confined at the Wrightsville Unit of the Arkansas Department of

Correction (ADC), who filed this pro se civil rights action pursuant to 42 U.S.C. § 1983.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure

to state a claim upon which relief may be granted.

## II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. §

1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b).

2

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."   Id.

### III.    Facts and Analysis

Plaintiff complains that Defendants violated his constitutional rights when they issued a disciplinary charge against him based on contraband found under his bed. Plaintiff states he is

housed in a barracks with sixty other inmates and that inmates have access to each other's living areas. Although he told Defendants he did not hide the cell phone charger under his bed, he was found guilty of the disciplinary, and his conviction was affirmed on appeal. According to the copy of the disciplinary hearing action form attached to his Complaint, he was sentenced to punitive isolation, reduced in class, and forfeited good time days accrued. Plaintiff asks for reimbursement of the filing fee, expungement of his record and restoration of his class and job.

Initially, to the extent that reimbursement of filing fees is considered "damages," the Court finds that this case falls within the context of Edwards v. Balisok, 520 U.S. 641 (1997), and Heck v. Humphrey, 512 U.S. 477 (1994). In Balisok, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. Id., 520 U.S. at 645. The Court also held that its decision was not affected by the fact that plaintiff did not seek credit for the loss of good-time. In the earlier case of Heck v. Humphrey, supra, the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996).

In this particular case, Plaintiff claims that officials reached the wrong result and that he

lost good time. Furthermore, he alleges officials based the disciplinary charge against him on a false assumption that he hid the cell phones.  The Court finds a challenge to the results of the disciplinary hearing necessarily implies the invalidity of the violation and resultant punishment. Therefore, the Court finds that Plaintiff's complaint should be dismissed pursuant to Heck, and Balisok, and that he may reassert his claim for damages in a subsequent § 1983 action if his disciplinary conviction is invalidated by a state tribunal or federal court.

In addition, to the extent that Plaintiff's Complaint is construed as asserting a due process violation, the Court finds it should be dismissed. To support a claim for relief based on these allegations, Plaintiff must show that he was deprived of a protected liberty interest which resulted in "atypical or significant hardship ... in relation to the ordinary incidents of prison life."    Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether an inmate possesses a protected liberty interest, the courts "compare the conditions to which the inmate was exposed in segregation with those he or she could expect to experience as an ordinary incident of prison life.... We do not consider the procedures used to confine the inmate in segregation."    Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003). The courts have held that placement in administrative segregation, even without cause, is not an atypical and significant hardship.    Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002).

In this case, Plaintiff was sentenced to thirty days in punitive, and he does not allege anything about his segregation conditions that would support a finding of atypical or significant hardship. In Hemphill v. Delo, the court held that thirty days in disciplinary segregation and 290 days in administrative segregation was not atypical and significant. 124 F.3d 208, 1997 WL 581079 *2 (8th Cir. 1997) (unpublished) (per curiam). Therefore, the Court finds that this

5

allegation fails to state a claim upon which relief may be granted.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's complaint be DISMISSED without prejudice to his right to reassert his claim should his disciplinary be invalidated by a state tribunal or federal court

2.    Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). [1]

3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 22nd day of January, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." See Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998).

Dismissals pursuant to Heck v. Humphrey also are considered "strikes" for the purpose of 1915(g), even though they are dismissals without prejudice. See Armentrout v. Tyra, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpub. Table op.) (Citing Rivera v. Allin, 144 F.3d 719, 730-31 (11th Cir. 1998); Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 462-64 (5th Cir. 1998).